UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY LEE SLOAN, JR., | No. 2:15-cv-1921 MCE AC P |
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATIONS |
| COMMISSIONER OF THE DEPARTMENT OF CORRECTIONS AND REHABILITATION, | |
| Defendants. | |

By order filed March 3, 2016, the undersigned found that plaintiff had made an inadequate showing of indigence to support his request to proceed in forma pauperis because his prison trust account statement showed that he had $8,997.67 in his account. ECF No. 10. Plaintiff was ordered to pay the appropriate filing and administrative fees totaling $400.00 to the Clerk of the Court and advised that failure to do so would result in a recommendation that his request to proceed in forma pauperis be denied and the case dismissed without prejudice. Id. Plaintiff subsequently filed a motion for extension of time in which he appeared to claim that his trust account statement was inaccurate and that he was in fact indigent. ECF No. 11. The motion was granted and plaintiff was given an opportunity to establish that he is in fact indigent. ECF No. 12. Plaintiff has now filed an "Objection to Order Directing Plaintiff to Pay $50.00 Administrative Fee." ECF No. 13.

1

1    In his objections, plaintiff objects to being required to pay the "$50.00 administrative fee" and asks that it be waived. Id. It is not clear if plaintiff is seeking to have only the $50.00 administrative fee waived, as it is for individuals that are allowed to proceed in forma pauperis, or if he is in fact seeking to proceed in forma pauperis and be relieved of having to pay the $350.00 filing fee up front. The court will construe the objections as a renewed motion to proceed in forma pauperis and address both the claim that the $50.00 administrative fee should be waived and any potential claim that the $350.00 filing fee should be waived.

Plaintiff appears to argue that he should not be required to pay the filing fee or administrative fee because at the time he filed the complaint he was indigent. Id. at 11, ¶ 19. However, plaintiff has yet to be granted leave to proceed in forma pauperis, and based upon plaintiff's current financial situation, such leave is not warranted. Although plaintiff may have been indigent at the time he filed the complaint, he does not dispute that he currently has nearly $9,000.00 in his trust account. This is not an insubstantial amount, especially for a prisoner whose costs of living are substantially less than those of a non-prisoner. It appears that plaintiff believes that the court should not look past the date he filed the complaint to determine whether he qualifies to proceed in forma pauperis because 28 U.S.C. § 1915 requires an inmate to provide a copy of his trust account statement for the six months preceding initiation of the lawsuit. However, the statute states that

> [a]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). There is no requirement that plaintiff be unable to pay the filing fee at the time of filing.

> In determining whether plaintiff should be entitled to proceed to final resolution without prepayment of costs, this Court is not bound by plaintiff's economic status on the date of filing. In re Stump, 449 F.2d 1297 (1st Cir. 1971); Dreyer v. Jalet, [349 F. Supp. 452,] 459-60 [(S.D. Tex. 1972)]; Roberts v. I-T-E Circuit Breaker Co., 316 F. Supp. 133, 134 (D. Minn. 1970). Rather, the Court should, if necessary, take into account all relevant changes in

> plaintiff's financial condition, both prior to and subsequent to the filing of suit.  Thus, if the allegation of poverty is no longer true because of a subsequent improvement in the economic status of plaintiff, it is within the authority of this Court to dismiss the proceeding, see 28 U.S.C. s 1915(d); cf. Sturdevant v. Deer, 69 F.R.D. 17 (E.D. Wis. 1975), or . . . require that the costs of the litigation to date be paid by plaintiff in lieu of dismissal.

Carter v. Telectron, Inc., 452 F. Supp. 939, 942 (S.D. Tex. 1976).  In considering plaintiff's application to proceed in forma pauperis, the court finds that plaintiff is able to afford the costs of litigation and his request to proceed in forma pauperis should be denied.  Because plaintiff has not been granted pauper status, the $50.00 administrative fee should not be waived.

Plaintiff also appears to believe that he should be relieved of having to pay the filing fee because this case was "ordered by the Northern District Court after being denied joinder of party and injunctive relief motions" in Sloan v. Asuncion (Asuncion), No. 3:13-cv-02437 CRB.  ECF No. 13 at 1, 7.  Contrary to plaintiff's belief, this case was not "ordered" by the United States District Court for the Northern District of California.  The complaint in Asuncion was screened and found to state a claim.  Asuncion, ECF No. 35.  However, the claims against defendants located at High Desert State Prison were "dismissed without prejudice to bringing in a separate suit in the Eastern District of California."  Id.  That order gave plaintiff an opportunity to re-file his claims in the appropriate court, but it did not require the initiation of this action or waive any fees associated with pursuing a separate lawsuit.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 9) be denied.

2. Plaintiff be given an additional thirty days to pay the filing fee or face dismissal of the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

////

and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 6, 2016

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE