UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY LEE SLOAN, JR., | No. 2:15-cv-1921 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF THE DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff has paid the filing fee. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I.      Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

1    Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

2    meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona,

3    885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute

4    on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490

5    U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded,

6    has an arguable legal and factual basis.  Id.

7        "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

8    claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

9    what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550

10   U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

11   However, in order to survive dismissal for failure to state a claim, a complaint must contain more

12   than "a formulaic recitation of the elements of a cause of action;" it must contain factual

13   allegations sufficient "to raise a right to relief above the speculative level." Id. (citations

14   omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that

15   merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original)

16   (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d

17   ed. 2004)).

18       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

19   relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell

20   Atl. Corp., 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

21   content that allows the court to draw the reasonable inference that the defendant is liable for the

22   misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556).  In reviewing a complaint

23   under this standard, the court must accept as true the allegations of the complaint in question,

24   Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading

25   in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v.

26   McKeithen, 395 U.S. 411, 421 (1969).

27       II.    <u>Complaint</u>

28       Plaintiff names as defendants the commissioner of the department of corrections and the

1  warden of High Desert State Prison (HDSP). ECF No. 1 at 2. However, he does not make any
2  allegations against either defendant. Id. at 3-21. Instead, he appears to allege that he has been
3  subject to retaliation, interference with his access to the courts, and possibly deliberate
4  indifference by a number of largely unidentified correctional officers. Id.

5  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or
6  connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S.
7  362, 371, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). "Vague and
8  conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v.
9  Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

10  Additionally, "[t]here is no respondeat superior liability under section 1983." Taylor v
11  List, 880 F.2d 1040, 1045 (9th Cir. 1989). "A defendant may be held liable as a supervisor under
12  § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation,
13  or (2) a sufficient causal connection between the supervisor's wrongful conduct and the
14  constitutional violation.'" Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v.
15  Black, 885 F.2d 642, 646 (9th Cir. 1989)). A supervisor may be liable for the constitutional
16  violations of his subordinates if he "knew of the violations and failed to act to prevent them."
17  Taylor, 880 F.2d at 1045. Finally, supervisory liability may also exist without any personal
18  participation if the official implemented "a policy so deficient that the policy itself is a
19  repudiation of the constitutional rights and is the moving force of the constitutional violation."
20  Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations
21  marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

22  Since the named defendants are not subject to liability solely based upon their supervisory
23  positions, and there are no allegations that they directly harmed plaintiff, the complaint will be
24  dismissed with leave to amend.

25  III.   Leave to Amend

26  If plaintiff chooses to file a first amended complaint, he must demonstrate how the
27  conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo,
28  423 U.S. at 370-71. Also, the complaint must allege in specific terms how each named defendant

3

1  is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can
2  be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection
3  between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740,
4  743 (9th Cir. 1978).  If plaintiff seeks to make claims against any correctional officers, he will
5  need to identify them in the list of named defendants in addition to explaining what they did to
6  violate his rights.

7  Plaintiff is also informed that the court cannot refer to a prior pleading in order to make
8  his first amended complaint complete.  Local Rule 220 requires that an amended complaint be
9  complete in itself without reference to any prior pleading.  This is because, as a general rule, an
10 amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.
11 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims
12 dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent
13 amended complaint to preserve appeal).  Once plaintiff files a first amended complaint, the
14 original complaint no longer serves any function in the case.  Therefore, in an amended
15 complaint, as in an original complaint, each claim and the involvement of each defendant must be
16 sufficiently alleged.  When drafting an amended complaint, plaintiff should keep the following
17 legal standards in mind.

18 If plaintiff is attempting to make a claim under the First or Fourteenth Amendment for
19 violation of his right of access to the courts, this right is limited to direct criminal appeals, habeas
20 petitions, and civil rights actions.  Lewis v. Casey, 518 U.S. 343, 354 (1996).  Claims for denial
21 of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet
22 to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot
23 now be tried (backward-looking claim).  Christopher v. Harbury, 536 U.S. 403, 413-15 (2002).
24 For backward-looking claims, plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable'
25 underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be
26 awarded as recompense but that is not otherwise available in a future suit."  Phillips v. Hust, 477
27 F.3d 1070, 1076 (9th Cir. 2007) (citing Christopher, 536 U.S. at 413-14), overruled on other
28 grounds by Hust v. Phillips, 555 U.S. 1150 (2009).

To have standing to bring this claim, plaintiff must allege he suffered an actual injury. Lewis, 518 U.S. at 351-52; Vandelft v. Moses, 31 F.3d 794, 798 (9th Cir. 1994). To succeed, plaintiff must have been denied the necessary tools to litigate a nonfrivolous claim attacking a conviction, sentence, or conditions of confinement. Christopher, 536 U.S. at 415; Lewis, 518 U.S. at 353 & n.3. Plaintiff need not show that he would have been successful on the merits of his claims, but only that the claims were not frivolous. Allen v. Sakai, 48 F.3d 1082, 1085-86 & n.12 (9th Cir. 1994). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325. The Ninth Circuit has emphasized that "[a] prisoner need not show, ex post, that he would have been successful on the merits had his claim been considered. To hold otherwise would permit prison officials to substitute their judgment for the courts' and to interfere with a prisoner's right to court access on the chance that the prisoner's claim would eventually be deemed frivolous." Allen, 48 F.3d at 1085. To properly plead a denial of access to the courts claim, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." Christopher, 536 U.S. at 417-18 (footnote omitted).

If plaintiff is attempting to make a claim for retaliation, allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2004) (footnote and citations omitted).

If plaintiff wants to make claims related to his medical care, then in order "to maintain an Eighth Amendment claim based on prison medical treatment, [he] must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006),

5

1  (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This requires plaintiff to show (1) "a

2  'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in

3  further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the

4  defendant's response to the need was deliberately indifferent."  Id. (quoting McGuckin v. Smith,

5  974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted),

6  overruled on other grounds WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en

7  banc)).

8      Deliberate indifference is established only where the defendant *subjectively* "'knows of

9  and disregards an *excessive risk* to inmate health and safety.'"  Toguchi v. Chung, 391 F.3d 1051,

10  1057 (9th Cir. 2004) (emphasis added) (quoting Gibson v. County of Washoe, 290 F.3d 1175,

11  1187 (9th Cir. 2002)).  Deliberate indifference can be established "by showing (a) a purposeful

12  act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the

13  indifference."  Jett, 439 F.3d at 1096 (citation omitted).  A difference of opinion between an

14  inmate and prison medical personnel—or between medical professionals—regarding appropriate

15  medical diagnosis and treatment are not enough to establish a deliberate indifference claim.

16  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi, 391 F.3d at 1058.

17      Finally, plaintiff may join multiple claims if they are all against a single defendant.  Fed.

18  R. Civ. P. 18(a).  He may also join multiple defendants if the claims against them arise from the

19  same transaction, occurrence, or series of transactions or occurrences and there is a question of

20  law or fact common to all defendants.  Fed. R. Civ. P. 20(a)(2).  In other words, plaintiff can

21  make as many claims against a single defendant as he wants, but if he wants to bring claims

22  against more than one defendant, the claims against the defendants must be related to each other.

23      IV.    Summary

24      The complaint is dismissed with leave to amend because the facts plaintiff has alleged are

25  not enough to state a claim for relief.  Plaintiff needs to provide more information about what

26  defendants did and how it violated his rights.  When he amends the complaint, plaintiff should

27  remember that he can make as many claims against a single defendant as he wants, but if he

28  wants to bring claims against more than one defendant, the claims against the defendants must be

related to each other.  If plaintiff is trying to make a claim about his legal access, he needs to explain (1) what the claim is that he lost the ability to pursue; (2) what defendants did to interfere; and (3) how he was injured, for example, did he miss a filing date that hurt his claim.  Any claim for retaliation must explain what protected conduct plaintiff participated in and what defendants did to him because of the protected conduct.  He must further explain how that chilled his exercise of his First Amendment rights and why defendants' actions did not relate to a legitimate correctional goal.  If plaintiff is trying to bring medical claims, then he needs to explain what his serious medical need was and how each defendant failed to respond to that need.

If plaintiff chooses to amend his complaint, the first amended complaint must include all of the claims plaintiff wants to make because the court will not look at the claims or information in the original complaint.  In other words, any claims not in the first amended complaint will not be considered.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend.

2. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Plaintiff must file an original and two copies of the amended complaint.  Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: January 3, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE