UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY LEE SLOAN, JR.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF THE DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No. 2:15-cv-01921 MCE AC P<br><br><br><br>ORDER |

Plaintiff has filed a motion for leave to exceed the twenty-five page limit for his first amended complaint. ECF No. 25. Included with the motion to exceed the page limit is plaintiff's signed declaration in support of the motion (id. at 2-3) and proposed amended complaint (ECF No. 26). He seeks leave to exceed the page limit based on a need to address "each level of review of [his] appeals," with "lengthy verbiage." ECF No. 25 at 2.

The twenty-five page limit only applies to complaints that are filed using the e-filing system. As such, the applicable standard here is a short, plain statement under Rule 8 of the Federal Rules of Civil Procedure. However, while there is no page limit outside of e-filing, a complaint exceeding twenty-five pages would be highly disfavored because it would be unlikely to meet the short, plain statement requirement.

"The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading

1

system, which was adopted to focus litigation on the merits of a claim." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8. In other words, plaintiff's claims must be set forth in short and plain terms, simply, concisely, and directly. Plaintiff must eliminate from his pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like or face dismissal of the complaint. See McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases (citations and internal quotation marks omitted)). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. See McHenry, 84 F.3d at 1177 (pointing out that the form complaint for negligence previously provided in the Federal Rules "can be read in seconds and answered in minutes"). A long, rambling pleading, including many defendants with unexplained, tenuous, or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Federal Rule of Civil Procedure 41 for violation of these instructions.

     The proposed amended complaint appears to make a number of claims against numerous individuals at two different prisons. Plaintiff is advised that he may join multiple claims if they are all against a single defendant, Fed. R. Civ. P. 18(a), and joinder of defendants is only permitted if "any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action," Fed. R. Civ. P. 20 (emphasis added). In other words, joining more than one claim is only proper when it is against one defendant, and joining multiple defendants in one complaint is only proper when the action is based on the same facts. Additionally, in drafting an amended complaint, plaintiff does not need to walk the court through the facts and circumstances of every grievance. Instead, plaintiff should tell the court whether he has properly exhausted his claims, and if not, *briefly* explain why. For example, if

plaintiff claims that the prison refused to accept his appeals, he should plainly state "they refused to accept my appeals." This type of statement would be appropriate under the short, plain statement standard that is applicable here.

Plaintiff has not established a need to file his proposed ninety-page complaint, which does not meet the short, plain statement standard. The circumstances he has alleged do not merit an exception to Rule 8. If plaintiff still wants to file an amended complaint, he is instructed to file an amended complaint that contains a short and plain statement, containing no more than is necessary to briefly explain his claims. If he chooses not to file an amended complaint, the court will proceed with screening the original complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion for leave to exceed the twenty-five page limit (ECF No. 25) is DENIED.

2. Plaintiff's proposed first amended complaint (ECF No. 26) is stricken from the docket.

3. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with this order and with the Rule 8 standard of a short, plain statement. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. An amended complaint that does not comply with this order may result in a recommendation for dismissal of this action. If plaintiff does not file an amended complaint, the court will proceed with screening the original complaint.

4. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: April 19, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE