| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY LEE SLOAN, JR., | No. 2:15-cv-01921 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF THE DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

By order filed January 3, 2017, the undersigned screened the original complaint and dismissed it with leave to amend. ECF No. 21. Plaintiff then filed a motion for leave to exceed the twenty-five page limit for his first amended complaint, which included a proposed amended complaint. ECF Nos. 25, 26. He sought leave to exceed the page limit based on a need to address "each level of review of [his] appeals," with "lengthy verbiage." ECF No. 25 at 2.

Plaintiff was advised that the twenty-five page limit applied only to complaints that were filed using the e-filing system. ECF No. 27 at 1. He was further warned that "while there is no page limit outside of e-filing, a complaint exceeding twenty-five pages would be highly disfavored because it would be unlikely to meet the short, plain statement requirement" under Federal Rule of Civil Procedure 8. Id.

Plaintiff's proposed amended complaint was ninety-two pages long. ECF No. 26. The

1

court denied the and struck the proposed amended complaint because it did not meet the short, plain statement standard and the circumstances he alleged did not merit an exception to Rule 8. ECF No. 27. Plaintiff was given thirty days to file an amended complaint that complied with Rule 8. Id.

Plaintiff has now filed a first amended complaint. ECF No. 30. However, the amended complaint is 121 pages, approximately thirty pages longer than the proposed amended complaint which was dismissed for its excessive length. Plaintiff has completely disregarded the court's directive that he comply with Rule 8. The first amended complaint will therefore be dismissed and plaintiff will be given one last opportunity to file an amended complaint that complies with Rule 8. Furthermore, **the court will limit plaintiff's amended complaint to twenty-five pages**. Exceeding the page limit set by this order will result in a recommendation that this action be dismissed for failure to comply with a court order.

Plaintiff is reminded that his claims must be set forth in short and plain terms, simply, concisely, and directly. He must eliminate from his pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like or face dismissal of the complaint. See McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases (citations and internal quotation marks omitted)). The court (and defendants) should be able to read and understand plaintiff's pleading within minutes. See McHenry, 84 F.3d at 1177 (pointing out that the form complaint for negligence previously provided in the Federal Rules "can be read in seconds and answered in minutes"). A long, rambling pleading, including many defendants with unexplained, tenuous, or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Federal Rule of Civil Procedure 41 for violation of these instructions.

Furthermore, plaintiff is advised that he may join multiple claims if they are all against a

single defendant, Fed. R. Civ. P. 18(a), and joinder of defendants is only permitted if "any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action," Fed. R. Civ. P. 20 (emphasis added). In other words, joining more than one claim is only proper when it is against one defendant, and joining multiple defendants in one complaint is only proper when the action is based on the same facts. Additionally, in drafting an amended complaint, plaintiff should not walk the court through the facts and circumstances of every grievance. Instead, plaintiff should tell the court whether he has properly exhausted his claims, and if not, *briefly* explain why. For example, if plaintiff claims that the prison refused to accept his appeals, he should plainly state "they refused to accept my appeals." This type of statement would be appropriate under the short, plain statement standard that is applicable here. He should not explain every attempt he made to have his appeals accepted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint (ECF No. 30) is dismissed with leave to amend.

2. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with this order and with the Rule 8 standard of a short, plain statement. **The amended complaint must be no longer than twenty-five pages**, must bear the docket number assigned this case, and must be labeled "Second Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. An amended complaint that does not comply with this order will result in a recommendation for dismissal of this action.

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

IT IS SO ORDERED.

DATED: September 6, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE