UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY LEE SLOAN, JR., | No. 2:15-cv-1921 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF THE DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

On October 10, 2017, the undersigned denied plaintiff's motion for reconsideration of the magistrate judge's September 6, 2017 order dismissing plaintiff's first amended complaint with leave to amend. ECF No. 35. Plaintiff has now filed a "motion for leave to file motion for reconsideration to objection," which appears to simply be a motion for reconsideration of the court's October 10, 2017 order denying his previous motion for reconsideration. ECF No. 37. Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion." L.R. 230(j)(3)-(4). Plaintiff's only argument is that he should not be subject to a twenty-five-page limit on his amended complaint because he is not

participating in the e-filing program.[1]  ECF No. 37.  This is the same argument he made in seeking reconsideration of the magistrate judge's order.  ECF No. 32.  This does not meet the requirements for a motion for reconsideration or warrant a different outcome.

Therefore, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 37) is DENIED.

2. Any further motions for reconsideration of the order imposing a page limit on plaintiff's amended complaint will be disregarded.

IT IS SO ORDERED.

Dated:  December 4, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[1] The court notes that plaintiff was not limited to twenty-five pages because he was participating in the e-filing program.  The page limit was imposed because plaintiff filed amended complaints that were 92 and 121 pages long and violated Rule 8's short, plain statement requirement.  ECF No. 31.