UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY LEE SLOAN, JR.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF THE DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No. 2:15-cv-1921 MCE AC<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff's second amended complaint is now before the court. ECF No. 41. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I.  Procedural History

Plaintiff filed his original complaint on September 5, 2015,[1] alleging that he was subjected to retaliation for pursuing grievances, interference with his access to the courts, and possibly deliberate indifference. ECF No. 1 at 3-21. After plaintiff was denied leave to proceed in forma pauperis and paid the filing fee (ECF No. 19), the court screened his complaint and dismissed it with leave to amend because he failed to make any allegations against either of the two named

---

[1] Since plaintiff is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988).

1

defendants and instead made allegations against a number of largely unidentified correctional officers who had not been identified as defendants, (ECF No. 21 at 2-3, 6). In screening the complaint, the court advised plaintiff of the legal standards governing claims of impaired access to the courts, retaliation, and deliberate indifference, and also advised him of the requirements for proper joinder. Id. at 5-6.

After receiving an extension of time (ECF No. 24), plaintiff filed a motion for leave to exceed the page limit (ECF No. 25), along with a proposed first amended complaint (ECF No. 26). The court explained that the referenced page limit did not apply, but that plaintiff must adhere to the short, plain statement standard set by Rule 8 of the Federal Rules of Civil Procedure. ECF No. 27 at 1. The court then found that plaintiff's proposed ninety-two page complaint did not meet the Rule 8 standard and that he had not justified its excessive length. Id. at 2-3. As a result, the court denied plaintiff's motion, struck the proposed first amended complaint from the docket, and gave plaintiff the opportunity to file a new first amended complaint. Id. at 3. In doing so, the court ordered that plaintiff comply with Federal Rule of Civil Procedure 8's short, plain statement standard and advised him regarding the legal standards for proper joinder, as well as the possibility of dismissal if he failed to comply with the court's order. Id. at 2. Plaintiff was specifically advised that he should not provide lengthy explanations of the facts and circumstances of each grievance related to administrative exhaustion of his claims, and should instead either state that the claims were exhausted or, if they were not exhausted, provide only a brief explanation as to why not (i.e., officers refused to accept his appeals). Id. at 2-3.

Plaintiff next filed a motion for a thirty-day extension of time (ECF No. 28), which the court granted (ECF No. 29). The court also repeated why plaintiff's first amended complaint was stricken; reiterated the legal standards for joinder and the short, plain statement requirement; and reminded plaintiff that he should not explain the details of each grievance. Id.

After receiving the extension of time and reminder to keep the complaint short and plain, plaintiff filed a new first amended complaint. ECF No. 30. The court dismissed the complaint because it was 121 pages—even longer than the proposed amended complaint that had been

dismissed due to its excessive length. ECF No. 31 at 2. The court noted that plaintiff had "completely disregarded the court's directive that he comply with Rule 8" and gave him one last opportunity to file an amended complaint that complied with the previous orders. Id. In granting leave to amend, the court limited plaintiff's next amended complaint to twenty-five pages, warning him that "[e]xceeding the page limit . . . [would] result in a recommendation that this action be dismissed for failure to comply with a court order." Id. Plaintiff was also provided specific and detailed instructions regarding compliance with the short, plain statement requirement. Id. In addition, the court repeated the instructions regarding joinder and description of grievances that had been provided in all previous orders. Id. at 2-3.

In response to this, plaintiff filed a motion for reconsideration. ECF No. 32. The District Judge denied plaintiff's motion for reconsideration and ordered that if plaintiff filed an amended complaint, it must comply with the short, plain statement requirement and be no longer than twenty-five pages. ECF No. 35. Plaintiff then filed a "motion for leave to file a motion for reconsideration to objection" (ECF No. 37), which was construed as another motion for reconsideration (ECF No. 40). The motion for reconsideration was denied and plaintiff was informed that any further motions for reconsideration regarding the order imposing a page limit on his amended complaint would be disregarded. Id.

Plaintiff then filed the second amended complaint (ECF No. 41), as well as two motions to amend and a declaration that each seek to add additional claims and defendants (ECF Nos. 42, 43, 44).

II. Second Amended Complaint

A. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). A pleading that properly states a claim for relief contains:

> (1) A short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a

3

> demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Federal courts use great leniency when construing the "inartful pleading[s]" of pro se litigants. Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam) (citing Haines v. Kerner, 404 U.S. 519 (1972)). However, the court may dismiss a complaint on the grounds that a plaintiff has not satisfied Federal Rule of Civil Procedure 8(a) if it provides "multiple opportunities to comply, along with specific instructions on how to correct the complaint." Hearns v. San Bernadino Police Dep't., 530 F.3d 1124, 1130 (9th Cir. 2008) (citing McHenry v. Renne, 84 F.3d 1172, 1178-79 (9th Cir. 1996)).

In addition, a plaintiff can join multiple claims if they are all against a single defendant, Fed. R. Civ. P. 18(a), and joinder of defendants is only permitted if "any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action," Fed. R. Civ. P. 20. In other words, joining more than one claim is only proper when it is against one defendant, and joining multiple defendants in one complaint is only proper when the action is based on the same facts.

### B. Review of Plaintiff's Second Amended Complaint

Plaintiff's second amended complaint alleges that he has been subject to retaliation, interference with access to the courts, mail tampering, unauthorized taking of his property, theft of his funds, and issues with his medical care. ECF No. 41 at 6-63. The complaint is sixty-four pages, and consists of a variety of different incidents. Id. Plaintiff appears to list over eighty individuals located at three different locations as defendants. Id. at 2-4. The defendants include wardens and other supervisory staff, correctional officers and counselors, medical staff, and appeals coordinators and examiners. Id.

The substance of plaintiff's complaint is obscured by the sheer volume of claims and defendants. A court can dismiss a complaint "for a violation under Rule 8(a)(2) . . . [where] the complaint is so verbose, confused and redundant that its true substance, if any, is well disguised."

Hearns, 530 F.3d at 1131 (quoting <u>Gillibeau v. City of Richmond</u>, 417 F.2d 426, 431 (9th Cir. 1969)) (internal quotation marks omitted). Plaintiff's complaint is not a "short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The length of the complaint far exceeds the twenty-five pages the court ordered, in part because plaintiff failed to follow the court's instruction that he leave out the details of the exhaustion process. ECF Nos. 27, 29. Once again, plaintiff's complaint is filled with detailed descriptions of the grievances he filed, making it difficult to discern what the actual issues are. ECF No. 41 <u>passim</u>.

Additionally, plaintiff's complaint is excessively long because he has ignored the court's directives regarding proper joinder. The claims are not multiple claims against one party, or one set of facts that involve all of the defendants. ECF No. 41. The complaint includes twenty different claims about a variety of different instances regarding over eighty people, and the claims are full of irrelevant information and often vague as to the specific individuals involved. <u>Id.</u> at 2-64.

For these reasons, plaintiff's second amended complaint does not satisfy the pleading requirements established by the Federal Rules of Civil Procedure, and it is recommended that the complaint be dismissed.

III. <u>Motions to Amend</u>

Plaintiff has filed two motions to amend (ECF Nos. 42, 44), as well as a declaration (ECF No. 43) that attempts to add still more defendants and claims. "'Futility alone can justify the denial of a motion to amend.'" <u>Johnson v. Buckley</u>, 356 F.3d 1067, 1077 (9th Cir. 2004) (quoting <u>Nunes v. Ashcroft</u>, 348 F.3d 815, 818 (9th Cir. 2003)).

Here, plaintiff seeks to add more defendants and claims to his second amended complaint even though he has already improperly joined unrelated parties and claims. Furthermore, the proposed additions to the complaint, like the complaint itself, provide lengthy descriptions of his grievances, as well as irrelevant information. ECF Nos. 42, 43, 44. Amending his complaint to add even more defendants and claims would only exacerbate the problems that have led to the recommendation that the second amended complaint be dismissed without leave to amend. Therefore, the motions to amend will be denied.

5

IV.     Dismissal for Failure to Follow a Court Order

As set forth above, plaintiff has consistently failed to follow the court's orders regarding amendment of the complaint, and therefore it is recommended that his second amended complaint be dismissed without leave to amend. "District courts have inherent power to control their dockets," Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986), and "may dismiss an action for failure to comply with any order of court," Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (citing Fed. R. Civ. P. 41(b)).

> In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."

Id. at 1260-61 (quoting Thompson, 782 F.2d at 831; Henderson v. Duncan, 779 F.2d 1421, 1423-24 (9th Cir. 1986)). The five-factor test is a balancing test, so not all five factors need to support dismissal for it to be found appropriate. Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

The first two factors indicate that the case should be dismissed. It is important that the court manage its docket without being subject to the routine noncompliance of litigants, Ferdik, 963 F.2d at 1261, and the public's interest in expeditious resolution of litigation always weighs towards dismissal, Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). Here, the court told plaintiff on multiple occasions that his amended complaint must contain a short, plain statement of his claims, should omit details of the grievance process related to administrative exhaustion, and could not combine unrelated claims and defendants. ECF Nos. 21, 27, 29, 31. After plaintiff's initial failures to provide a short, plain statement, he was limited to twenty-five pages and warned that exceeding this page limit would result in a recommendation of dismissal. ECF No. 31 at 2. Plaintiff's second amended complaint was sixty-five pages. ECF No. 41. In addition, he filed two motions to amend, which seek to add additional claims and defendants and would increase the aggregate length of the complaint by approximately twenty pages. ECF Nos. 42, 44. This case was commenced on September 11, 2015 (ECF No. 1), and has not moved

beyond the screening phase despite the court's specific instructions on how to proceed (ECF Nos. 21, 27, 29, 31) and repeated extensions of time to allow plaintiff to comply with those instructions (ECF Nos. 24, 29, 34, 38). Plaintiff's continued failure to comply with the instructions given has led to this case consuming "large amounts of the court's valuable time that it could have devoted to other major and serious . . . cases on its docket." Ferdick, 963 F.2d at 1261. Therefore, the first two factors weigh more heavily towards dismissal.

The risk of prejudice to defendants also weighs heavily towards dismissal. "In determining whether a defendant has been prejudiced, [the court] examine[s] whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." Malone v. United States Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987) (citation omitted). The Ninth Circuit "has consistently held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976) (citing Alexander v. Pac. Mar. Ass'n, 434 F.2d 281 (9th Cir. 1970); Pearson v. Dennison, 353 F.2d 24 (9th Cir. 1968)). This is because "[t]he law presumes injury from unreasonable delay." Id. (citing States S.S. Co. v. Philippine Air Lines, 426 F.2d 803, 804 (9th Cir. 1970)). Here, plaintiff has repeatedly failed to obey the court's orders regarding the amendment of his complaint, resulting in the complaint remaining unserved almost three years after commencement of the action. Plaintiff's repeated failure to comply with the court's instructions and the Federal Rules of Civil Procedure have caused significant and undue delay that presumptively prejudices the defendants.

The fourth factor weighs against dismissal, since "public policy strongly favors disposition of actions on the merits." Yourish, 191 F.3d at 992 (citation and internal quotation marks omitted).

Finally, the availability of less drastic alternatives also weighs towards dismissal. The court does not need to explore every option before dismissing a case. Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981). The court only needs to ensure that "possible and meaningful alternatives be reasonably explored, bearing in mind the drastic foreclosure of rights

that dismissal effects." Id. In addition, "case law suggests that warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the 'consideration of alternatives' requirement." Malone, 833 F.2d at 132 (citations omitted). Here, the court has explored many alternatives to dismissal. The court explicitly and repeatedly told plaintiff what was wrong with his complaints and gave him specific instructions on how to remedy the problems. ECF Nos. 21, 27, 29, 31. In addition, the court granted all of plaintiff's requests for more time to allow him to comply. ECF Nos. 24, 29, 34, 38. The court warned plaintiff on multiple occasions that failure to comply with the court's instructions would result in a recommendation of dismissal. ECF Nos. 21, 27, 31. However, plaintiff's most recent complaint still significantly exceeds the twenty-five page limit that was imposed; does not contain a short, plain statement of his claims; contains irrelevant information and detailed explanations of his grievances; and has improperly joined defendants and claims. ECF No. 41. The history of the case amply demonstrates that plaintiff simply will not comply with the orders of the court, and providing further opportunities to comply appears to be futile. Accordingly, the court concludes that no less drastic alternatives remain available, and the fifth factor thus weighs towards dismissal.

Four out of the five factors of analysis weigh heavily towards dismissal. As a result, the court concludes that the circumstances of this case favor involuntary dismissal and the amended complaint should be dismissed without leave to amend for failure to comply with court orders.

V. Plain Language Summary of this Order for a Pro Se Litigant

It is recommended that your second amended complaint be dismissed because you have continually failed to follow the Federal Rules of Civil Procedure and the orders of the court. You have been repeatedly ordered to keep your complaint short and plain, which you have repeatedly failed to do. This required the court to set a twenty-five-page limit, which you also ignored. You also have not obeyed the court's instructions that you leave out the details of your grievances and only include defendants and claims that are properly related. As a result, your complaint is far too convoluted for the court to identify and evaluate your claims. Given your repeated failure to follow instructions, allowing you to amend the complaint again would be futile because it would not fix the issues with the complaint. Your motions to amend will not be granted because they

only add to the problems with the second amended complaint.

IT IS HEREBY ORDERED that plaintiff's motions to amend (ECF Nos. 42, 44) are denied.

IT IS FURTHER RECOMMENDED that the second amended complaint be dismissed without leave to amend and this case be dismissed for failure to comply with the court's orders and the Federal Rules of Civil Procedure.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 9, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

9