UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY LEE SLOAN, JR., | No. 2:15-cv-1921 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF THE DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

On October 16, 2018, this action was dismissed and judgment was entered. ECF Nos. 49, 50. On November 6, 2018, plaintiff filed a motion for reconsideration and a proposed amended complaint.[1] ECF Nos. 51, 52.

A motion for reconsideration or relief from a judgment is appropriately brought under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.[2] Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991) (citing Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989)). The motion "is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) if it is filed [within the time provided by that Rule]. Otherwise, it is treated as a

---

[1] Since plaintiff is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988).

[2] Plaintiff states that his motion is being brought under Rule 59(b). ECF No. 51 at 1. However, Rule 59(b) addresses motions for a new trial, and no trial was held in this case.

Rule 60(b) motion for relief from a judgment or order." Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001) (citations omitted). Since plaintiff's motion for reconsideration was filed within twenty-eight days of the entry of judgment, the motion is considered under Rule 59(e).

"Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted). Further, Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion." L.R. 230(j)(3)-(4).

Plaintiff's motion for reconsideration merely repeats the arguments he made in objecting to the findings and recommendations and therefore does not meet the requirements for a motion for reconsideration or warrant a different outcome. To the extent plaintiff argues that he has now submitted an amended complaint that complies with the court's previous order, proposed amended complaint still exceeds the page limit imposed by the court, though only slightly. Even if the proposed complaint complied with the page limit, plaintiff was provided ample opportunity to comply with the orders regarding page limits and offers no explanation for his failure to do so prior to dismissal. Furthermore, even if plaintiff had provided an explanation, the proposed amended complaint continues contain a number of improperly joined defendants and claims, which plaintiff was explicitly warned not to do. Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration (ECF No. 51) is DENIED.

IT IS SO ORDERED.

Dated: November 26, 2018

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

2